No. 16-1456, 16-1457

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

PRISM TECHNOLOGIES LLC,
*Plaintiff-Cross-Appellant,*

v.

SPRINT SPECTRUM L.P., DBA SPRINT PCS,
*Defendant -Appellant.*

Appeal from the United States District Court for the District of Nebraska in Case No. 8:12-cv-00123-LES-TDT, Senior Judge Lyle E. Strom

# PLAINTIFF-APPELLEE AND CROSS-APPELLANT PRISM TECHNOLOGIES, LLC'S REPLY TO SPRINT SPECTRUM L.P.'S OPPOSITION BRIEF TO PRISM'S CROSS-APPEAL

PAUL J. ANDRE
LISA KOBIALKA
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
990 Marsh Road
Menlo Park, California 94025
Telephone: (650) 752-1700

ANDRÉ J. BAHOU
**Prism Technologies, LLC**
750 Old Hickory Blvd., Ste. 150
Brentwood, TN 37027
Telephone: (202) 802-9515

JONATHAN S. CAPLAN
MARK BAGHDASSARIAN
AARON FRANKEL
CRISTINA MARTINEZ
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

***ATTORNEYS FOR PRISM TECHNOLOGIES, LLC***

# CERTIFICATE OF INTEREST

1. The full name of every party represented by me is:

   - Prism Technologies, LLC

2. The name of the real party in interest represented by me is:

   - Prism Technologies, LLC

3. All parent corporations and any publicly held companies that own 10 percent of the stock of the party or amicus curia represented by me are listed below:

   - Prism Technologies, LLC is a wholly owned subsidiary of Prism Technologies Group, Inc., a public company listed on the NASDAQ.

4. The names of all law firms and the partners or associates who appeared for Prism Technologies, LLC in proceedings before the District Court, or are expected to appear in this Court, are:

   - Kramer Levin Naftalis & Frankel LLP: Paul Andre, Jonathan Caplan, Lisa Kobialka, Mark Baghdassarian, Aaron M. Frankel, Marcus Colucci, Cristina Martinez, Matthew Olinzock, Aakash Jariwala and William Hannah.
   - Koley Jessen P.C., L.L.O: Michael C. Cox, Daniel J. Fischer
   - Prism Technologies LLC: Andre J. Bahou

Dated: July 11, 2016

*<u>/s/ Paul J. Andre</u>*
Paul J. Andre

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................1

ARGUMENT ..................................................................................................4

I. ALL EVIDENCE DEMONSTRATES THAT THE JURY'S DAMAGES AWARD WAS LIMITED TO PAST DAMAGES ....................4

A. The Only Damages Evidence Presented at Trial Related to a Reasonable Royalty for Sprint's Past Infringement ..............................4

B. The Verdict Form Confirms that the Jury's Award Was Limited to Past Damages ..........................................................................9

C. The Jury Instruction to Award a Reasonable Royalty Was Limited to Past Damages ......................................................12

D. The Jury's Sole Question Confirmed it Awarded Past Damages .......14

II. SPRINT ERRONEOUSLY TRIES TO REWRITE THIS COURT'S CONTROLLING JURISPRUDENCE ........................................16

CONCLUSION .............................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
67 F. Supp. 3d 1100 (N.D. Cal. 2014)........................................11-12, 13, 15-16

*Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116
(S.D.N.Y. 1970*) modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971)...........................7

*Telecordia Tech., Inc. v. Cisco Sys., Inc.*,
612 F.3d 1365 (Fed. Cir. 2010) ...................................................................*passim*

*WhitServe, LLC v. Computer Packages, Inc.*,
694 F.3d 10 (Fed. Cir. 2012) , *cert. denied*, 133 S. Ct. 1291 (2013). .........*passim*

## INTRODUCTION

Sprint's opposition to Prism's cross-appeal attempts to re-write this Court's jurisprudence, the jury instructions and verdict form, and the trial record that all lead to the same conclusion—the jury awarded Prism $30 million for Sprint's *past* infringement.

The parties agree on little else other than that this Court's jurisprudence in *WhitServe* and *Telecordia* dictates the outcome of Prism's cross-appeal. As outlined in Prism's opening brief, these cases confirm that damages by definition cover only past harm absent unequivocal evidence to the contrary. *WhitServe, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 35 (Fed. Cir. 2012), *cert. denied*, 133 S. Ct. 1291 (2013). There is no such unequivocal evidence here and thus Prism should be awarded supplemental and ongoing damages.

Sprint's opposition misstates this precedent, characterizing it as an "offhand comment by the Court" that purportedly "is irrelevant here." Dkt. 50 at 55. To the contrary, this Court outlined specific and detailed principles that should guide a district court's assessment of a jury's damages award. Sprint ignores these principles and effectively argues that the District Court has *absolute* discretion in interpreting jury awards. That is simply not true.

Here, the District Court's decision violates the principles of *WhitServe* and *Telecordia* because all indicators—including the jury instructions and verdict form,

the jury's sole question about damages and the damages evidence presented at trial—point to an award of past damages:

- The only damages evidence presented at trial, including expert opinion and damages calculations, was limited to the period of 2012 to 2014.
- The jury was never shown evidence or provided with expert opinion regarding Sprint's anticipated future use of the infringing technology for after 2014 or even when the asserted patents expired.
- The jury verdict form used the past tense in asking the jury to award a reasonable royalty if Prism proved that Sprint had "infringed" any of the asserted claims.
- The jury instructions used the past tense in telling the jury to put Prism in the same financial position "had the infringement not occurred."
- The jury was told that Sprint would not receive a fully paid up license as a result of the verdict.

Perhaps most telling is Sprint's election to completely ignore two undisputed and decisive facts regarding the jury award. *First*, Sprint did not dispute that the jury was ***only*** presented with evidence regarding Sprint's ***past*** infringement and damages and made no effort to explain how the jury could have awarded future

damages when it was provided with ***no*** information that would allow it do so. *Second*, Sprint did not devote a single word to reconciling the fact that the jury was instructed that its award would ***not*** result in a license to Sprint with the District Court's interpretation that the award constituted a fully paid up lump sum license. Sprint's silence confirms that the only conclusion consistent with the evidence and instruction presented to the jury is that the award did not encompass future damages.

For these reasons as explained more fully below, Prism respectfully requests that this Court reverse the District Court's denial of future damages to Prism and remand for an award of such damages.

# ARGUMENT

## I. ALL EVIDENCE DEMONSTRATES THAT THE JURY'S DAMAGES AWARD WAS LIMITED TO PAST DAMAGES

Supplemental and ongoing damages are warranted unless the jury awarded a fully paid up license. Here, all evidence proves that the jury's damages award was limited to past damages.

### A. <u>The Only Damages Evidence Presented at Trial Related to a Reasonable Royalty for Sprint's Past Infringement</u>

Prism's opening brief explained the factual evidence and expert testimony presented at trial that all related to damages for Sprint's past infringement. Dkt. 43 at 77-80. Sprint's opposition concedes (as it must) that the jury only heard evidence of two years of data from which damages could be determined (*i.e.*, 2012-2014). Critically, Sprint did not devote a single word to explaining how the jury could have awarded future damages when it was provided with absolutely ***no*** information that would allow it to do so.

Instead, Sprint erroneously attempts to rewrite the trial record by claiming that *Prism's* damages case "was not limited to past damages" and opened the door for the jury to have awarded a fully paid up license. To make this incorrect argument, Sprint focused entirely on the fact that Prism had prior license and settlement agreements that included lump sum amounts. Dkt. 50 at 59-62. Sprint's contentions are wrong for several reasons.

*First*, Prism's damages expert, Malackowski, only offered a reasonable royalty opinion limited to past damages. Sprint entirely disregards that Malackowski repeatedly informed the jury that his damages opinion was limited to the amount Sprint should pay for its infringement during the period for which Sprint provided data—specifically, 2012-2014.:

> Q. [A]t the bottom [of the slide summarizing your opinion] you refer to the years 2012 and 2014. What is that in reference to?
>
> A. That is the period of damage that's driven by the date of first infringement in 2012 and the date of last available information we have for Sprint with respect to cost savings.
>
> ***Q. So did your opinion then just relate to just that time period?***
>
> ***A. Yes, ma'am.***

Appx27221 at 758:10-17 (emphasis added); *see also* Appx27238-41 at 775:23-778:4, Appx27263 at 800:13-15.

*Second*, Sprint concedes that all evidence was limited to past infringement. Neither party presented to the jury any evidence regarding future damages or Sprint's projected future use of the invention. Indeed, there was no testimony or other evidence even informing the jury when the asserted patents expired. Under Sprint's theory, the damages award would have been exactly the same whether Sprint was projecting to stop using the invention entirely, doubled its usage of the

invention in future years, or would be allowed to use the invention for many years to come. This flawed reasoning is untenable because it presumes that the jury made a determination of future damages without having any evidence whatsoever as to how to calculate such damages.

*Third*, Malackowski did not present a calculation of damages based on Prism's prior settlement licenses, as Sprint contends, but rather presented a reasonable royalty amount based on cost savings. Appx27261 at 798:4-16 (Q. So after doing all of this, did you determine that a royalty based on a percentage of cost savings is a correct approach to apply in this case? A. Yes, ma'am.). Based on his cost-savings analysis, Malackowski calculated and presented to the jury a range of damages for the period 2012 to 2014. Appx27221 at 758:10-17; Appx27263 at 800:13-15.

Nonetheless, Sprint makes the incredible and demonstrably wrong claim that Prism told the jury it sought a one-time lump sum payment based on a single instance of cost-savings to build an alternative Ethernet backhaul. The evidence at trial contradicts Sprint's contention, as Prism sought ongoing damages for ongoing cost-savings. Dkt. 50 at 61. As Malackowski explained at trial, he used the actual amount that Sprint pays on a recurring annual basis as a proxy for the cost savings Sprint enjoys by using Prism's invention. Appx27230 at 767:14-768:17; Appx27240-41 at 777:12-778:9. This means that for each year Sprint did not build

the alternative Ethernet backhaul, Sprint would enjoy additional cost savings. Malackowski further informed the jury that, although he conservatively used one times these actual costs for the relevant time period, the jury could select a royalty based on the "range of savings" he presented at trial. Appx27241-42 at 778:4-779:3.

*Fourth*, Sprint misrepresents how Prism and its expert used Prism's prior settlement and license agreements for purposes of its damages case. Malackowski used those agreements as one consideration under factor number one of his *Georgia-Pacific* analysis (Appx27256-57 at 793:17-794:4 ("So *Georgia-Pacific* factor 1 are the royalties received by the patent owner, Prism, and we've already talked at great length that I think the important evidence under that factor is the AT&T agreement for the reasons that are stated."))[1], and did <u>not</u> provide any calculation of a damages amount (lump sum or otherwise) based on those licenses. Sprint's expert did not provide any calculation of a damages amount (paid up or otherwise) because the District Court excluded him from doing so. Appx21878-79.

Because there was no evidence at all from which to determine a fully paid-up license, Sprint speculates that the jury awarded Prism $30 million in damages

---

[1] *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971).

based solely on the AT&T Agreement, which Sprint contends reflects the amount paid by AT&T plus a penalty. Dkt. 50 at 61. This claim is bald speculation. Not a single expert, fact witness or counsel at trial ever provided any damage calculation based on any of Prism's prior agreements, let alone suggested that modification of the AT&T Agreement with a penalty would have been appropriate in this case. Accordingly, this notion should be rejected as entirely unsupported by the record.

*Fifth*, Sprint's theory that Prism's prior paid-up licenses support a fully paid-up damages award—despite the total absence of evidence of future usage—is contrary to *WhitServe's* conclusion that a district court abused its discretion in finding that a jury verdict granted a fully paid-up license even where the jury heard evidence of two prior lump-sum licenses.

> [W]e cannot accept [defendant's] suggestion that a paid-up license was awarded. Although the jury heard evidence of two lump sum licenses [plaintiff] had previously granted, ***the parties limited their damages arguments to past infringement rather than projected future infringement. The jury was instructed to award "damages," which by definition covers only past harm.*** The jury's verdict did not indicate that the award was meant to cover future use of [plaintiff's] patents, and the trial court did not interpret the award as such. . . . ***We, accordingly, decline to find that post-trial relief was properly denied because a paid-up license was awarded.***

*WhitServe*, 694 F.3d at 35 (citations omitted) (emphasis added).

### B. <u>The Verdict Form Confirms that the Jury's Award Was Limited to Past Damages</u>

Sprint's opposition is built on the incorrect premise that "infringed" is not a past tense verb. Sprint does not dispute that should the Court agree with Prism that the term "infringed" in the jury verdict form is in the past tense, then the jury verdict was limited to past damages. Rather than challenge that point, Sprint argues that "infringed" is a "participial adjective" including past, present and future. Dkt. 50 at 56-57. Sprint's premise is simply incorrect as matter of English grammar, as made clear by looking to the full text of the verdict form, reproduced below, which shows that the District Court instructed the jury to award damages for Sprint's *past* infringement:

> <u>Question 1</u>: Do you find that [Prism] has proven by a greater weight of the evidence **that [Sprint] infringed any of the following asserted claims**? . . .
>
> **If you have answered "YES" to any claims**, continue to Question 2 below and answer **for each claim you have found to be infringed."**
>
> <u>Question 2</u>: What amount of reasonable royalty damages, if any, do you find that Prism has proven by a greater weight of the evidence is adequate to compensate Prism for Sprint's infringement of [the asserted patents]?

Appx23484-85.

Sprint's opposition ignores the plain language of Question 1 ("infringed") which instructed the jury to determine *past* infringement—if the question included present and future activity it would have been "Do you find that Prism has proven .

. . that Sprint ***infringes*** any of the following asserted claims?”. Sprint’s focus in isolation on the transition language between Question 1 and Question 2 attempts to divorce it from Question 1’s unequivocal inquiry into the jury’s findings regarding Sprint’s past infringement. Dkt. 50 at 56-57.

A straightforward reading of the verdict form in full confirms that the reference to the word “infringed” in the transition language between Question 1 and Question 2 is referring back to the use of “infringed” in Question 1. Appx23486-87. In other words, Question 1 asked the jury to identify which claims it found Sprint infringed, and the transition language instructed the jury to proceed to Question 2 and award damages for each such claim that the jury found Sprint infringed. This common-sense reading is consistent with Sprint’s argument that the verdict form could have read “continue to Question 2 below and answer for each you have found *was* infringed.” Dkt. 50 at 57. As a matter of English grammar, the instruction given – “continue to Question 2 below and answer for each you have found to be infringed” has the same meaning as “continue to Question 2 below and answer for each you have found *was* infringed.”

It is not relevant that the District Court declined to insert the word “past” into Question 2. Dkt. 50 at 57. The jury was not a participant in the back and forth between counsel at the charge conference. It only matters how ***the jury*** understood the questions and what it decided. Here, the only reasonable reading of

Questions 1 and 2 of the verdict form dictate a conclusion that the jury was instructed to award past damages, as explained above.

Notably, under Sprint's reasoning, there can be no question that the jury did not award a lump sum award for past and future damages. That is because the District Court rejected Sprint's proposal to include in the verdict form an option for the jury to select whether its award was for a fully paid lump sum license. Appx. 22947 ("Is that reasonable royalty in the form of a 'lump sum royalty' or a 'running royalty'?"). Applying Sprint's reasoning to the District Court's rejection of Sprint's proposed language, then the jury's award cannot encompass a fully paid up lump sum amount because the District Court rejected including that option on the verdict form.

Moreover, a verdict form must be unambiguous in order for a district court to interpret a jury award as covering both past and future damages. *Telecordia Tech., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365,1378 (Fed. Cir. 2010) (upholding finding that jury award limited to past damages and stating: "In the absence of an express statement in the verdict, this court cannot determine whether the jury compensated [plaintiff] for all of [defendant's] infringing activities."); *WhitServe*, 694 F.3d at 35 (finding abuse of discretion to deny ongoing royalties when "verdict did not indicate that the award was meant to cover future use of [plaintiff's] patents"); *see also Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100, 1120

(N.D. Cal. 2014), *aff'd*, 816 F.3d 788 (Fed. Cir. 2016) (awarding supplemental damages and stating: "As in *WhitServe* and *Telecordia*, there is no express statement in the verdict form that the damages award would encompass damages for future infringement").

Here, the unequivocal language of the of the verdict form provides for an award of damages for Sprint's past infringement and does not contain any suggestion that the award included future royalties. As such, the District Court's finding that the verdict form covered Sprint's past, present and future infringement is an abuse of discretion.

### C. The Jury Instruction to Award a Reasonable Royalty Was Limited to Past Damages

As explained in Prism's opening brief, the District Court instructed the jury to award "damages" in the form of a "reasonable royalty" such that Prism would be put in "the same financial position that it would have been in ***had the infringement not occurred***." Appx23473 (emphasis added). The use of the past tense demonstrates that the jury was instructed to determine reasonable royalty damages for past infringement.

Sprint tries to construe "reasonable royalty" as necessarily encompassing both past and future damages. Dkt. 50 at 55. Such a position directly contradicts this Court's well established jurisprudence.

More particularly, as Prism pointed out in its opening brief (Dkt. 43 at 74-75), a reasonable royalty can take multiple forms, including a running royalty, a fully paid up license, and a lump sum for past damages only. *Telecordia*, 612 F.3d at 1378 (explaining that a reasonable royalty can take multiple forms, including a running royalty, a fully paid up license, and a lump sum for past damages only); *Apple*, 67 F. Supp. 3d at 1119 (discussing different reasonable royalty forms presented at trial). There is no legal basis to conclude that a "reasonable royalty" is necessarily in the form of a fully paid-up lump sum license covering future infringement, particularly where, as here, the verdict form is limited to past damages as explained above.

Sprint cherry-picks from certain portions of the jury instructions that describe a reasonable royalty as "the money amount Prism and Sprint would have agreed upon as a fee for use of the invention at the time prior to when infringement began" and "Prism is entitled to recover no less than a reasonable royalty for each infringing act." Dkt. 50 at 55. But these portions of the jury instructions provide no instruction or guidance as to whether the jury should award only past or both past and future damages.

If, as Sprint contends, the jury was instructed regarding awarding future damages, then Sprint should have been able to point this Court to such an instruction. Sprint could not do so. Under *WhitServe*, Sprint's reference to

generalized instructions regarding "damages" or a "reasonable royalty" is insufficient to establish that the jury was instructed regarding future damages. 694 F.3d at 35 (finding general instruction regarding "damages" insufficient to support denial of ongoing royalties).[2] Thus, as in *WhitServe*, the jury instructions further support that the jury award was limited to past damages.

### D. The Jury's Sole Question Confirmed it Awarded Past Damages

Sprint tries to recast the jury's only damages question during deliberations to support its theory. Here again, Sprint fails.

The jury asked whether its award would provide Sprint with a "license" to Prism's patents. The parties agreed to instruct the jury that Sprint would receive no such license. Appx23447. This confirms that the damages award cannot cover future infringement.

To try to avoid this conclusion, Sprint raises the tortured argument that the jury's question asked about four patents rather than two patents, and the "no" answer only addressed the number of patents at issue. Dkt. 50 at 58. Sprint's argument misses the point because they jury could not have asked the question it did without wanting to know if Sprint was getting a license:

---

[2] Sprint's additional contention that the jury instructions asked the jury to determine the start of damages without an end point is irrelevant. Dkt. 50 at 56. There was no need for a time limitation because the verdict form limited the award to damages for Sprint's past infringement as described above.


OFFICE OF THE CLERK
Does Royalty Payment? ~~damages have~~
give Sprint the license to 4 Asserted
patents?

Appx23447.

The real import of the jury's question is its purpose—specifically, the jury inquired whether its damage award would result in a license grant such that Sprint's ongoing infringement would be covered. Whether the license was for two or four patents does not matter because the answer "no" had the same effect—i.e., that Sprint would not receive a fully paid up license and therefore the jury award could not encompass both past and future damages.

Sprint would parse the question into Boolean components: is it true that (Sprint obtained a license) AND (that the license covers four patents not two patents). Because the second proposition fails, Sprint would negate the first proposition from the jury question. In effect, Sprint is arguing that the jury's question should be disregarded as meaningless because it asked about four asserted patents rather than two asserted patents. But blindly ignoring the purpose and intent of the jury's question to know whether its award would result in a license is at odds with this Court's precedent on how to interpret jury awards. *See WhitServe*, 694 F.3d at 35 (reversing district court's denial of ongoing royalties when evidence insufficient to support a finding that the award constitute a fully-paid up license); *Apple*, 67 F. Supp. 3d at 1121 (district court awarded

supplemental damages under *WhitServe* and *Telecordia* because the record suggested it was plausible that the jury intended to award damages only for past infringing sales).

Moreover, Prism explained in its opening brief that there is no way to reconcile the District Court's finding that the jury award covered Sprint's future infringement with its instruction that Sprint would ***not*** receive a license to the asserted patents as a result of the award. Dkt. 43 at 77. Indeed, neither Sprint in its opposition brief nor the District Court provided any such reconciliation on this dispositive issue.

The reason is simple—the jury could not have awarded a fully-paid up lump sum license when it was explicitly instructed that Sprint would <u>not</u> receive a license by virtue of the jury's award. The two concepts are mutually exclusive. It was an abuse of the District Court's discretion to interpret the award in a manner inconsistent with its instruction to the jury.

For these reasons, the jury's question further confirmed that its award was limited to Sprint's past infringement.

## II. SPRINT ERRONEOUSLY TRIES TO REWRITE THIS COURT'S CONTROLLING JURISPRUDENCE

Sprint fails to cite a single case supporting its position that the District Court properly denied future damages to Prism. The entirety of Sprint's discussion of the case law is an unsuccessful attempt to distinguish *WhitServe* and *Telecordia*.

*WhitServe* explains that " 'damages' . . . by definition covers only past harm." *WhitServe*, 694 F.3d at 35. Sprint dismisses this decisive holding as an "offhand comment by the Court" that "is irrelevant here." Dkt. 50 at 55. Sprint is mistaken because *WhitServe* specifically applies here. This Court in *WhitServe* found that the district court abused its discretion by denying ongoing royalties where the verdict form did not indicate that the award was meant to cover future use of plaintiff's patents. *WhitServe*, 694 F.3d at 35. As the verdict form here was limited to past infringement (*see* Section I (B)), under *WhitServe*, it was an abuse of discretion for the District Court to deny ongoing damages.

Sprint misses the point with its assertion that *WhitServe* does not apply because the district court there did not interpret the verdict form as encompassing future damages. Dkt. 50 at 52-53. In *WhitServe*, this Court unequivocally declined to find a fully-paid up license because the evidence presented at trial was inconsistent with such an outcome, the jury failed to receive an instruction on future infringement and there was no explicit statement in the verdict form that that award was meant to cover future use. *WhitServe*, 694 F.3d at 35. These same circumstances exist here (as explained in the sections above) and, therefore, *WhitServe* instructs that the District Court abused its discretion in denying Prism ongoing royalties.

Sprint similarly tries to rewrite this Court's opinion in *Telecordia* which expressly stated that, "[i]n the absence of an express statement in the verdict, this court cannot determine whether the jury compensated [plaintiff] for all of [defendant's] infringing activities." *Telecordia*, 612 F.3d at 1378. Thus, *Telecordia* requires unequivocal evidence that a jury awarded future damages. Sprint ignores this holding and suggests that near-absolute discretion is afforded to the district court in interpreting jury awards. Dkt. 50 at 53.

There is no support for Sprint's erroneous view that a district court could never abuse its discretion, even in extreme instances where, like here, there was ***no*** evidence presented at trial regarding future damages, ***no*** expert testimony regarding ongoing royalties, ***no*** statement in the verdict form that the award covered future damages, and ***no*** instruction from the Court regarding ongoing royalties. Thus, the District Court's denial of future damages warrants reversal based on the trial evidence, including the expert opinions, jury instructions and verdict form that all confirm the jury limited its verdict to past damages.

## CONCLUSION

For the foregoing reasons, Prism respectfully requests that this Court and reverse and remand for the District Court to grant supplemental damages through the date of trial and ongoing damages through the expiration of the patents.

Respectfully submitted,

Dated: July 11, 2016 By: /s/ Paul Andre

**Kramer Levin Naftalis & Frankel LLP**
Jonathan S. Caplan, Esq.
Mark A. Baghdassarian, Esq.
Aaron M. Frankel, Esq.
Cristina Martinez, Esq.
1177 Avenue of the Americas
New York, NY 10036
Tel: 212.715.9100
Fax: 212.715.8000
jcaplan@kramerlevin.com
mbaghdassarian@kramerlevin.com
afrankel@kramrelevin.com
cmartinez@kramerlevin.com

**Kramer Levin Naftalis & Frankel LLP**
Paul Andre, Esq.
Lisa Kobialka, Esq.
990 Marsh Road
Menlo Park, CA 94025
Tel: 650.752.1700
Fax: 650.752.1810
pandre@kramerlevin.com
lkobialka@kramerlevin.com

**Prism Technologies LLC**
André J. Bahou, Esq.
Vice President & Chief IP Officer
750 Old Hickory Blvd., Ste. 150
Brentwood, TN 37027
Telephone: (202) 802-9515
Fax: (402) 578-1447
aj.bahou@prsmip.com

*Attorneys for Plaintiff-Cross-Appellant,*
*Prism Technologies LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2016, a copy of the foregoing document:

**PLAINTIFF-APPELLEE AND CROSS-APPELLANT PRISM TECHNOLOGIES, LLC'S REPLY TO SPRINT SPECTRUM L.P.'S OPPOSITION BRIEF TO PRISM'S CROSS-APPEAL**

was filed electronically with the Clerk of the Court using the Appellate CM/ECF System, which will send a Notice of Docket Activity via electronic mail to all counsel of record.

Michael J. Bettinger
Irene Yang
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415)772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Carter G. Phillips
Ryan C. Morris
Jennifer J. Clark
**SIDLEY AUSTIN LLP**
1501 K Street. N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
cphillips@sidley.com
rmorris@sidley.com
jennifer.clark@sidley.com

Dated: July 11, 2016

By: *\/s/ Paul Andre*
Paul J. Andre

**CERTIFICATE OF COMPLIANCE WITH RULE 32(A)**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,996 words, exclusive of the certificate of interest, table of contents, table of citations, statement of related cases, addendum and this certificate of compliance as exempted by Fed. R. App. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14 point font.

*/s/ Paul J. Andre*
Paul J. Andre